

DISTRICT COURT
FILED
OCT 04 2023
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

# IN THE DISTRICT COURT OF TULSA COUNTY
# STATE OF OKLAHOMA

| | |
|---|---|
| KEJUANA SHONTA MORRISON ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CJ-2023- |
| ) | |
| CITY OF TULSA, a political subdivision ) | **CJ-2023-03514** |
| and municipal corporation, and ) | |
| G4S Secure Solutions (USA), Inc., ) | |
| a foreign corporation, and ) | **JURY TRIAL DEMANDED** |
| UNIVERSAL PROTECTION SERVICE, ) | |
| LP d/b/a ALLIED UNIVERSAL ) | **ATTORNEY LIEN CLAIMED** |
| SECURITY SERVICES, a foreign ) | |
| limited partnership, ) | KELLY M. GREENOUGH |
| Defendants. ) | |

## PETITION

The Plaintiff Kejuana Morrison (Plaintiff) hereby submits her Petition in the above captioned matter. In support thereof, Plaintiff alleges, and states as follows:

1. Plaintiff is an individual who resides in the State of Oklahoma and City of Tulsa.

2. That Defendant G4S Secure Solutions (USA), Inc. (G4S) is a Florida corporation and has a private contract with the City of Tulsa to administer the jail. *See* Contract No. 133963 attached as Exhibit 1.

3. Defendant Universal Protection Service, LP is a California limited partnership and does business as Allied Universal Security Services (Allied).

4. Defendant City of Tulsa is a public entity by law.

5. G4S has assigned its contract with Tulsa to Allied. *See* Assignment and Assumption of Agreement attached as Exhibit 2.

6. On January 8, 2023 Plaintiff was driving on 169 and 11th and was involved in an accident. Plaintiff called police and while waiting the other driver was throwing stuff at her car and tried to get in car.

1

**EXHIBIT 2**

7. When the Police arrived, Plaintiff had warrants for unpaid traffic tickets, and was taken to Tulsa City Jail.

8. Plaintiff had preexisting health condition, anxiety, heart attack.

9. While at jail, Plaintiff was beaten up by a police officer, employed by G4S, for allegedly not complying and was also refused medical care. Specifically, In 2019, she had a heart attack, so stressful situations like this one can give her panic attacks and make it hard to breathe. At the jail, Morrison alerted jail staff of this. After she told them, a male employee asked her to lift her arm, but because of her discomfort, she did not lift her arm very high. The employee then shoved her against a wall, took her to the ground and kneeled on her neck. Plaintiff did not fight back or show any other resistance or aggression that would warrant this behavior. While he was attacking her, the other workers stood around and just watched him. Plaintiff was then put in a holding cell where she continuously asked for medical help but did not receive any. A family member called EMSA and had them go to the jail for a welfare check. When EMSA arrived, Plaintiff's blood pressure was high enough for her to have a seizure so she was taken to the hospital.

10. As a result, Plaintiff had closed head injury, jammed finger and pinky, right shoulder injury, and her right eyed had busted vessels. The police officer put both knees on Plaintiff's back and neck. Plaintiff has made a complaint and supposedly the DA is investigating. She also made an internal affairs complaint.

11. Plaintiff has not been charged with any crimes as result of the encounter.

12. Plaintiff was in the Tulsa County Jail as a pre-trial detainee .

13. G4S and Allied do business throughout Oklahoma including Tulsa County, Oklahoma. G4S was, at all times relevant hereto, responsible, in part, for providing medical

services and medication to Plaintiff while she was in the custody of the Tulsa City Jail. G4S was additionally responsible, in part, for implementing Tulsa City Jail policies regarding medical and mental health care, assisting in developing those policies and in training and supervising its employees.

14. The Fourteenth Amendment applies to excessive force claims brought by pretrial detainees. Specifically, the Supreme Court has held, "It is clear ... that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). More recently, in *Kingsley v. Hendrickson*, 576 U.S. ___, 135 S. Ct. 2466, 2472 (2015), the Supreme Court held that to prove an excessive force claim under the Fourteenth Amendment, a pretrial detainee must show that the officers' use of force was "objectively" unreasonable; the detainee is not required to show that the officers were "subjectively" aware that their use of force was unreasonable. No matter which standard is applicable, Defendants violated it. Moreover, Defendants violated Plaintiff's due process by punishing her based on false reasons, in an arbitrary and capricious manner.

15. That during the encounter referenced above, Defendants engaged in excessive force as well as numerous due process violations.

16. That Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violating Plaintiff's due process rights by engaging in excessive force upon Plaintiff, unlawfully disciplining punishing her without a constitutionally valid reason.

17. That an unconstitutional policy existed wherein inmates were discouraged from seeking necessary medical care, that G4S staff refused to allow the inmates access to necessary health care and the medical needs of the inmates were ignored. That official and

municipal liability exists as to G4S based on the unlawful policy of G4S and the failure to train and deficient hiring practices.

18. G4S has assumed the Sheriff's statutory duty under Title 57 to maintain the jail in a lawful manner. Such conduct amounts to municipal and official liability because 1) the conduct created an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; 2) such decisions are those of employees with final policymaking authority; 3) such conduct has been ratified by final policy makers, including; and 4) the failure to adequately train or supervise employees or *de facto* employees. The unconstitutional policy stated herein created the unlawful conduct upon Plaintiff.

19. That pursuant to 42 U.S.C. § 1983, injunctive relief should issue to prohibit G4S from further unlawful conduct, That G4S should be ordered to provide full intake.

## CONCLUSION

WHEREFORE, Plaintiff seeks an award of actual damages in excess of $75,000.00. Further, Defendants acted with conscious disregard to the federally secured rights of Plaintiff, intentionally with malice and with reckless disregard for rights of Plaintiff and as such, punitive damages in excess of $10,000.00 should be assessed against them. As a result of Defendants' conduct, Plaintiff has suffered actual damages in excess of $75.000.00. Further, Plaintiff has incurred attorney fees and costs pursuing this matter and pursuant to 42 U.S.C. § 1988 Plaintiff should be reimbursed a reasonable

award of attorney fees and costs. In the event that actual damages are not provable, nominal damages should be issued as a means to redress the civil rights of Plaintiff.

Plaintiff requests an award of actual damages in excess of $75,000.00 against all Defendants, an award of punitive damages against all individual Defendants in excess of $10,000.00, the costs of this action, pre and post judgment interest, reasonable attorney fees and costs, that Defendants be jointly and severally liable and any other and further relief that this Court deems proper.

/s/ B. McHugh
Brendan M. McHugh, OBA #18422
P.O. Box 1392
Claremore, OK 74018
Tele: (918) 608-0111
Fax: (918) 803-4910
-and-
Dana Jim, OBA #19495
P.O. Box 1011
Vinita, OK 74301
Tele: 918-457-6626
Fax: 918-517-3431
*Attorneys for Plaintiff*

3.24.2021

Contract No. 133963

# COMBINED
# CONTINUATION AGREEMENT FOR LOCKUP FACILITY OPERATIONS AND MANAGEMENT SERVICES
# AND
# SECOND AMENDMENT TO THE AGREEMENT FOR LOCKUP FACILITY OPERATIONS AND MANAGEMENT SERVICES

This "Agreement" is between the CITY OF TULSA, OKLAHOMA, a municipal corporation, 175 East 2nd Street, Tulsa, Oklahoma, 74103-3827 (the "City") and G4S Secure Solutions (USA) Inc., a Florida corporation ("G4S"), whose principal address is 1395 University Blvd., Jupiter, FL 33458; collectively the "Parties."

**WITNESSETH:**

**WHEREAS,** the Parties entered into an Agreement For Lockup Facility Operations and Management Services on February 5, 2018 and a subsequent First Amendment on April 9, 2018 (the "First Agreement"). The First Agreement was inadvertently allowed to expire on June 30, 2018. The First Agreement and First Amendment were incorporated and made the terms and conditions of a new Agreement for Lockup Facility Operations and Management dated November 14, 2018 for a term beginning July 1, 2018 and expiring on June 30, 2019, plus four 4 optional renewals (the "Second Agreement"). The Second Agreement was subsequently renewed for a term beginning July 1, 2019 and expiring June 30, 2020.

**WHEREAS,** the Parties inadvertently permitted the Second Agreement to expire without renewing it. Three (3) optional renewals remain.

**WHEREAS,** G4S desires to continue to provide Services to City and this document constitutes G4S's offer to continue to provide such services under the terms and conditions of the Second Agreement.

**WHEREAS,** G4S and City further desire to make certain changes and amendments to the Second Agreement as more fully set forth below.

**NOW, THEREFORE,** for and in consideration of the terms, covenants and conditions hereinafter, the parties hereto agree as follows:

1. Except as amended below, G4S agrees to continue to provide the City Security Services and City agrees to continue to purchase those services all pursuant to the terms and conditions of this Agreement and the Second Agreement attached hereto as Exhibit 1 and incorporated herein by this reference.

2. The Term of this Agreement shall be for one (1) year beginning July 1, 2020 through June 30, 2021. Two (2) optional renewals shall remain thereafter.

EXHIBIT 1

DocuSign Envelope ID: 39E748ED-E6B8-4489-A0F0-360D64150E64

3. In accordance with the annual price adjustment provided for in Exhibit 1, G4S shall be granted a 3% price increase for the term set forth herein in an amount not to exceed $1,666,977.83.

## SECOND AMENDMENT

4. The Parties further agree to **AMEND** certain sections and subsections of Exhibit 1 and be legally bound by same as more fully set out by the following:

   a. **Section 2.4.1.** A new subsection "p" is added and shall read "p.) use and operation of tasers;".

   b. **Section 2.1.3.** The second clause following the first semi-colon which reads "must report directly to the Tulsa Police Department Administrative Bureau/Information Services Division ("TPD Command Staff") in accordance with this Agreement;" is hereby amended and replaced with "must report directly to the Captain assigned to the Tulsa Police Information Services Division ("TPD Command Staff") in accordance with this Agreement".

   c. **Section 2.9.** The first sentence which reads "G4S shall immediately notify the TPD Command Staff of any incident involving the use of force" shall be amended and replaced with "G4S shall immediately notify both TPD Command Staff and the Tulsa Police Department Information Services Division Major of any incident involving the use of force, and such notification shall be in writing via e-mail to said individuals and include the date and time of the use of force along with the location within the facility where it occurred."

   d. **Section 3.3.** The second sentence which reads "G4S shall be responsible for providing all supplies, materials as set-forth in Exhibit A, including food, laundry, office, hygiene, first aid and medical, detention officer uniforms and equipment with the exception of tazers, handcuffs and uniform patches" shall be amended and replaced with "G4S shall be responsible for providing all supplies, materials as set-forth in Exhibit A, including food, laundry, office, hygiene, first aid and medical, detention officer uniforms, and equipment, <u>including tasers</u>, with the exception of handcuffs and uniform patches.

   e. **Section 3.4.** The third sentence which reads "In the event of a serious injury or unresponsive inmate in the Facility, G4S shall: 1.) immediately contact emergency personnel; 2) when necessary, conduct or administer first aid, cardio pulmonary resuscitation or use the Automatic External Defibrillator; and 3.) contact the Tulsa Police Department" shall be amended and replaced with "In the event of a serious injury or unresponsive inmate in the Facility, G4S shall: 1.) immediately contact emergency personnel; 2) when necessary, conduct or administer first aid, cardio pulmonary resuscitation or use the Automatic External Defibrillator; 3.) upon treatment, and if necessary transport, of the inmate by emergency personnel, G4S shall immediately contact the TPD Command Staff via phone call, provided that if TPD

Command Staff is unreachable by phone call, G4S shall contact the Tulsa Police Department Information Services Division Major via phone call. If neither are reachable by phone call, G4S shall without delay continue to contact both until one is reached."

f. **Section 4.2.** The third sentence is amended to remove "tazers" and shall now read as: "The City shall provide and maintain for G4S's use during the term hereof, at no cost to G4S, a Live Scan machine and intoxilyzer, beds, mattresses, bed sheets, bathing towels, inmate uniforms, benches, tables, office furniture, one (1) kitchen refrigerator, two (2) kitchen freezers, four (4) kitchen microwaves, one (1) commercial clothing dryer, desktop computers and printers, desktop phones, video surveillance systems, detention officer uniform patches, one (1) automated external defibrillator (AED), and handheld and walk through metal detectors."

g. **Section 5.5.** A third sentence is added that reads "G4S agrees to indemnify and hold City harmless from all claims, demands, causes of action or suits of whatever nature arising out of the Services, labor, or materials furnished by G4S, its employees, agents or subcontractors under this Agreement."

h. **Section 5.6.** The Second sentence is hereby removed and shall now read as: "Liens. Under City's Charter (Art. XII §5), no lien of any kind shall be allowed to exist against any property of City."

d. **A new Section 5.21** is added and shall read as follows: "Documents Comprising the Agreement. The Agreement includes Exhibit A, Exhibit B, and Exhibit C, its amendments, the entire Competitive Sealed Proposal titled "Competitive Sealed Proposal for TAC 1108 Lockup Facility Operations and Management Services" ("CSP") and any addenda or amendments thereto, and G4S's Proposal titled "CSP TAC-1108 Lockup Facility Operations and Management Services" ("Proposal"). The CSP and Proposal are attached hereto and are incorporated herein as if set forth at length. In the event of conflicting or ambiguous language, the parties shall be governed first according to the Agreement and its amendments and exhibits, second according to the documents comprising the CSP, and third according to the Proposal. The duplicate ""Best and Final Offer" comprising five total pages attached and located between the CSP and Proposal is hereby stricken and removed from the Agreement."

e. All other Articles, Sections, clauses, paragraphs and provisions of the Agreement not amended shall remain in full force and effect.

(REMAINDER OF PAGE INTENTIONALLY BLANK)
(SIGNATURE PAGE FOLLOWING)

**IN WITNESS WHEREOF**, this Agreement has been executed in multiple copies on the dates set forth below to be effective during the period recited above.

G4S Secure Solutions (USA), Inc.

ATTEST:

By: *David Lane* (DocuSigned)

Printed Name: David Lane

Title: Midwest SVP

Date: 3/16/2021 | 11:33 EDT

*Jill Divens* (DocuSigned) — Jill Divens
Corporate Secretary - Witness

CITY OF TULSA, OKLAHOMA,
a municipal corporation

By: _____
Mayor

Date: MAR 24 2021

ATTEST:

_____
City Clerk

APPROVED:

_____
Assistant City Attorney

## AFFIDAVIT OF CLAIMANT

STATE OF Oklahoma

COUNTY OF Tulsa

The undersigned, of lawful age, being first duly sworn, on oath says that this contract is true and correct. Affiant further states that the work, services or materials will be completed or supplied in accordance with the contract, plans, specifications, orders or requests furnished the affiant. Affiant further states that (s)he has made no payment directly or indirectly of money or any other thing of value to any elected official, officer or employee of the City of Tulsa or any public trust of which the City is a beneficiary to obtain or procure the contract or purchase order.

By: _____
         Signature

Name: David Lane

Company: G4S Secure Solutions (USA) Inc.

Title: SVP Midwest

Subscribed and sworn to before me this 16th day of MARCH, 2021.

_____
Notary Public

My Commission Expires: 5/22/2022

Notary Commission Number: 18005098

[Notary Seal: JAMIE CORNELIUS NOTARY #18005098 EXP. 05/22/22 STATE OF OKLAHOMA PUBLIC]

060619

DocuSign Envelope ID: 5EC92C3E-5C30-4FC7-A549-246236B08409



Securing Your World

G4S Secure Solutions (USA) Inc.
1395 University Drive
Jupiter, FL 33458
Telephone: 800-922-6488
Fax: 561.691.6680

## CERTIFICATE OF AUTHORITY

I, Michael Hogsten, as Vice President, General Counsel, and Secretary, of G4S Secure Solutions (USA) Inc., 1395 University Blvd., Jupiter, Florida 33458, do hereby certify that David Lane is the Senior Vice President for the Midwest market of G4S Secure Solutions (USA) Inc. and is authorized and empowered to make, enter into, sign, seal and deliver on behalf of this corporation a contract and related contract documents for furnishing security guard services with respect to the Continuation Agreement and Second Amendment for Lockup Faciltiy Operation and Management Services; and that said authority is within the financial limit of up to $5,000,000.

IN WITNESS WHEREOF, I hereunder subscribe my name and affix the seal of this Corporation the 12th day of March, 2021.

                             *Michael Hogsten* (SEAL)
                             Michael Hogsten
                             Vice President, General Counsel, Secretary

Sworn to and subscribed before me
this 12th day of March, 2021

*Jill Divens*
(Signature of Notary Public – State of Florida)

JILL DIVENS
State of Florida-Notary Public
Commission # GG 166562
My Commission Expires
December 10, 2021

   Jill Divens
(Print, Type or Stamp Commissioned Name of Notary Public)
Personally Known (X) OR Produced Identification ( )
Type of Identification Produced _____

## ASSIGNMENT AND ASSUMPTION AGREEMENT

**FOR CLIENT: City of Tulsa (TAC 052F) ("Client")**

This Assignment and Assumption Agreement is executed and delivered this 8th day of October, 2021 (the "Effective Date"), by and between G4S Secure Solutions (USA) Inc., a Florida corporation ("G4S"), and Universal Protection Service, LP, a California limited partnership, for itself and on behalf of its wholly-owned subsidiary Universal Protection Service, LLC, a Delaware limited liability company, both d/b/a Allied Universal Security Services, which may be performing work in certain jurisdictions and localities (collectively "Allied Universal"), successor to G4S.

## RECITALS

WHERAS, G4S previously entered into an agreement with Client (the "Security Service Agreement") for the provision of security services and related services at Client's facilities (each a "Property" and, collectively, the "Properties");

WHEREAS, G4S desires to assign and Allied Universal desire to receive the Service Agreement pursuant to the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein, and for other good and valuable consideration, the receipt, adequacy and legal sufficiency of which are hereby acknowledged, G4S and Allied Universal do hereby agree as follows:

1. <u>Assignment and Assumption</u>. G4S hereby assigns, sells, transfers and sets over to Allied Universal all of G4S' right, title, benefits, privileges and interest in the Security Service Agreement (collectively, the "Assets"), and all of G4S' obligations and liabilities in connection to such Assets (collectively, the "Assignment"). Allied Universal hereby accepts the Assignment and assumes and agrees to observe and perform all of the duties, obligations, terms, provisions and covenants, and to pay when due and discharge all of the liabilities of G4S to be observed, performed, paid or discharged from and after the Effective Date, in connection to the Assets Allied Universal assumes by the operation of this Assignment.

2. <u>Successors and Assigns</u>. Except as otherwise provided in this Agreement, the rights and obligations of G4S and Allied Universal hereunder will be binding upon and inure to the benefit of their respective successors, assigns, heirs, executors, administrators and representatives.

3. <u>Facsimile or Scanned Signature</u>. This Agreement may be executed and delivered in counterpart signature pages executed and delivered via facsimile transmission or via email with scan or email attachment, and any such counterpart executed and delivered via facsimile transmission or via email with scan or email attachment will be deemed an original for all intents and purposes. All signatures will be deemed to be delivered simultaneously.

*[Signature Page Follows]*

**EXHIBIT 2**

IN WITNESS WHEREOF, the Parties have executed this Assignment and Assumption Agreement as of the date first written above.

<u>Universal Protection Service, LP</u>
<u>d/b/a Allied Universal Security Services</u>

By: _____

Name: Cody Reese
Title: General Manager, Oklahoma

<u>G4S Secure Solutions (USA) Inc.</u>

By: _____

Name: David Lane
Title: Regional V.P.