

*1058671869*

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**

MAY 24 2024

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | | |
|---|---|---|
| KEJUANA SHONTA MORRISON | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CJ-2023-3514 |
| | ) | |
| | ) | Judge Kelly Greenough |
| | ) | |
| CITY OF TULSA, a political subdivision | ) | |
| and municipal corporation, | ) | |
| G4S Secure Solutions (USA), Inc., | ) | |
| a foreign corporation, and | ) | **JURY TRIAL DEMANDED** |
| UNIVERSAL PROTECTION SERVICE, | ) | |
| LP d/b/a ALLIED UNIVERSAL | ) | **ATTORNEY LIEN CLAIMED** |
| SECURITY SERVICES, a foreign | ) | |
| limited partnership, JOHN DOE, | ) | |
| individually | ) | |
| Defendants. | ) | |

### FIRST AMENDED PETITION

The Plaintiff Kejuana Morrison (Plaintiff) hereby submits her First Amended Petition

(FAP) in this matter.  In support thereof, Plaintiff alleges, and states as follows:

1.      Plaintiff is an individual who resides in the State of Oklahoma and City of Tulsa.

2.      Plaintiff files this FAP pursuant to 12 O.S. § 2015(A) which allows for leave prior

to a responsive pleading being filed.

3.      Defendant G4S Secure Solutions (USA), Inc. (G4S) is a Florida corporation and

has a private contract with the City of Tulsa to administer the jail.

4.      Defendant Universal Protection Service, LP is a California limited partnership

and does business as Allied Universal Security Services (Allied).

5.      City of Tulsa (Tulsa) is a public body by law. Tulsa is a municipal corporation

and political subdivision under 51 O.S. § 152 Upon information and belief, the individual who



EXHIBIT
9

battered Plaintiff was employed with the Defendants G4S and/or Allied and not Tulsa. Plaintiff has thus far been unable to discern his name and he is identified herein as John Doe.[1]

6.    G4S has assigned its contract with Tulsa to Allied.

7.    On January 8, 2023, Plaintiff was driving on 169 and 11th and was involved in an accident. Plaintiff called police and while waiting the other driver was throwing stuff at her car and tried to get in car.

7.    When the Police arrived, Plaintiff had warrants for unpaid traffic tickets, and was taken to Tulsa City Jail.

8.    Plaintiff had preexisting health condition, anxiety, heart attack. Specifically, in 2019, she had a heart attack, stressful situations like this one can give her panic attacks and make it hard to breathe.

9.    While at Tulsa Municipal jail, Plaintiff was beaten up by a detention officer, employed by G4S or Allied, for allegedly not complying and was also refused medical care. At the jail, Plaintiff alerted jail staff of her medical conditions and history. A male employee asked her to lift her arm, but because of her discomfort, she did not lift her arm very high. The individual then shoved her against a wall, took her to the ground and kneeled on her neck. Plaintiff did not fight back or show any other resistance or aggression that would warrant this behavior. While he was attacking her, the other workers stood around and just watched him. Plaintiff was then put in a holding cell where she continuously asked for medical help but did not receive any. A family member called EMSA and had them go to the jail for a welfare check.

---

[1] Plaintiff's efforts at finding out the identity of the employee who inflicted the abuse on Plaintiff have been hampered by Tulsa's lack of transparency as set forth *infra*. Once the identity of the individual becomes known Plaintiff anticipates seeking leave to include this person as a party.

When EMSA arrived, Plaintiff's blood pressure was high enough for her to have a seizure, so she was taken to the hospital.

10.    As a result, Plaintiff had closed head injury, jammed finger and pinky, right shoulder injury, and her right eye had busted vessels. The police officer put both knees on Plaintiff's back and neck.

11.    Plaintiff has not been charged with any crimes as result of the encounter.

12.    Plaintiff was in the Tulsa Municipal Jail as a pre-trial detainee.

13.    G4S and Allied do business throughout Oklahoma including Tulsa County, Oklahoma. G4S and Allied were, at all times relevant hereto, responsible, in part, for providing medical services and medication to Plaintiff while she was in the custody of the Tulsa City Jail. G4S and Allied were additionally responsible, in part, for implementing Tulsa City Jail policies regarding medical and mental health care, assisting in developing those policies and in training and supervising its employees.

## COUNT I-42 U.S. §1983 AS TO DEFENDANTS G4S and ALLIED

Plaintiff restates and realleges the above allegations as though fully set forth herein. Additionally, Plaintiff states:

14.    Plaintiff asserts this claim against G4S and Allied and the term "Defendants" in Count I refers to both G4S and Allied. Further, Plaintiff intends to assert a claim against the responsible individual under 42 U.S.C. § 1983 once his identity becomes known.

15.    The Fourteenth Amendment applies to excessive force claims brought by pretrial detainees. Specifically, the Supreme Court has held, "It is clear ... that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). More recently, in *Kingsley v. Hendrickson*, 576 U.S.

3

___, 135 S. Ct. 2466, 2472 (2015), the Supreme Court held that to prove an excessive force claim under the Fourteenth Amendment, a pretrial detainee must show that the officers' use of force was "objectively" unreasonable; the detainee is not required to show that the officers were "subjectively" aware that their use of force was unreasonable. No matter which standard is applicable, Defendants violated it. Moreover, Defendants violated Plaintiff's due process by punishing her based on false reasons, in an arbitrary and capricious manner.

16.    That during the encounter referenced above, Defendants engaged in excessive force as well as numerous due process violations.

17.    That Defendants are liable to Plaintiff under 42 U.S.C. § 1983 for violating Plaintiff's due process rights by engaging in excessive force upon Plaintiff, unlawfully disciplining punishing her without a constitutionally valid reason.

18.    That an unconstitutional policy existed wherein inmates were discouraged from seeking necessary medical care, that the staff of Defendants refused to allow the inmates access to necessary health care and the medical needs of the inmates were ignored. That official and municipal liability exists as to Defendants based on the unlawful policy and the failure to train and deficient hiring practices. Defendants failed to train their employees and agents to act in accord with constitutional requirements.

19.    Defendants have assumed Tulsa's duty to maintain the jail in a lawful manner. Such conduct amounts to  municipal and official liability because 1) the conduct created an  informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent  and well settled as to constitute a custom or usage with the force of law;  2) such decisions are those of employees with final policymaking  authority; 3) such conduct has been ratified by final policy makers,

4

including; and 4) the failure to adequately train or supervise employees or *de facto* employees. The unconstitutional policy stated herein created the unlawful conduct upon Plaintiff.

20.    As a result of Defendants' conduct, Plaintiff has sustained damages in excess of $75,000.00. Further, Plaintiff has incurred attorney fees and costs pursuing this matter and pursuant to 42 U.S.C. § 1988 Plaintiff should be reimbursed a reasonable award of attorney fees and costs. In the event that actual damages are not provable, nominal damages should be issued as a means to redress the civil rights of Plaintiff.

### COUNT II-NEGLIGENCE-1983 AS TO DEFENDANTS G4S and ALLIED

Plaintiff restates and realleges the above allegations as though fully set forth herein. Additionally, Plaintiff states:

21.    Plaintiff asserts this claim against G4S and Allied and the term "Defendants" in Count II refers to both G4S and Allied.

22.    Defendants are vicariously liable for the acts of its employees and/or agents under the doctrine of respondent superior.

23.    Defendants are not an "employee" of Tulsa under the Oklahoma Governmental Tort Claims Act (OGTCA) and is not otherwise immune from liability under Oklahoma law. See *Lucas* v. *Turn Key*. Health Clinics, LLC, 58 F.4th 1127, 1137 (10th Cir. 2023) ( stating "We find *Revilla, Buchanan,* and *Graham* persuasive. On a motion to dismiss, it was premature for the district court to determine that Turn Key and Dr. Myers were entitled to immunity based on *Barrios's* non-binding legal assumption, which was decidedly not an express statement of law. Thus, whether G4S and/or Allied

5

were employees of Tulsa and employees under the OGTCA is unsettled under applicable law.

24.    Through its employees and/or agents, Defendants owed a duty to Plaintiff, and all other inmates incarcerated at the Tulsa Municipal Jail, to tender medical treatment with reasonable care, taking caution not to cause additional harm during the course of medical and/or mental health care and treatment.

25.    As described herein, Defendants, through its employees and/or agents, breached their duty to Plaintiff by failing to provide competent and timely medical health care and treatment as required by applicable standards of care, custom and law.

26.    As a result of Defendants negligence, Plaintiff is entitled to damages.

## COUNT III-ORA-AS TO TULSA ONLY

### PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF FOR VIOLATION OF THE OKLAHOMA OPEN RECORDS ACT AND FOR INJUNCTIVE RELIEF AGAINST DESTRUCTION OF RECORDS

COMES NOW the Plaintiff Kejuana Shonta Morrison and pursuant to 51, §24A.17(B), hereby petitions this Court to declare the conduct of Tulsa to be violative of Oklahoma law and to enjoin the defendant temporarily and permanently, City of Tulsa, as well as its agents from continuing to deny access to specific requested public records in violation of the Oklahoma Open Records Act, OKLA. STAT. tit. 51, §§24A.1, *et seq.* ("ORA"). Plaintiff also seeks immediate release of the requested records. In support of its petition, the plaintiff alleges and states the following:

27.    Plaintiff is a resident and citizen of the City of Tulsa, State of Oklahoma.

28.    Tulsa is a public entity law that is funded by public dollars.

6

29.     Plaintiff made a written complaint to Tulsa regarding the incident described in this petition. See Exhibit 1, email from Plaintiff to Tulsa Police.

30.     Plaintiff received written correspondence back from Weston Hardin, City of Tulsa Jail Administrator. *See* Exhibit 2. Mr. Hardin confirmed the existence of jail audio and video as well as confirmed that he viewed "the footage of the incident." *Id.*

31.     Plaintiff was not provided the video and audio despite requesting it. She then hired the undersigned to obtain records relevant to her potential claims and necessary to review her claims and prepare a lawsuit. To this end, the undersigned sent ORA requests to Tulsa. *See* Exhibit 3, message history. Page 8 of Exhibit 3 clearly delineates the ORA request *Id.*

32.     The undersigned received a message from Tulsa on June 23, 2023- almost two months after the initial request. *Id.,* at page 6. The undersigned was advised of the existence of the BWC/Dash cam and told that he needed to submit a subpoena to obtain the BWC/Dash cam faster and that everything else would need to be obtained via subpoena. *Id.* The undersigned advised the record custodian for Tulsa that he could not issue a subpoena because there was not yet a pending case to issue a subpoena. *Id.* The undersigned received a response advising that the BWC/Dash was submitted as an ORA request. *Id.,* p. 5.

33.     Numerous documents were not provided by Tulsa, including the video and audio, the BWC/Dash, witness statements, photos. Further, the messages between Plaintiff and the various individuals at Tulsa Jail were not produced, the communications between Hardin and other Tulsa officials were not produced, just to name a few.

34. After being unsuccessful in obtaining necessary documents via the ORA, Plaintiff submitted a subpoena and was met with resistance from Tulsa. Tulsa objected to the subpoena as not being proper, refused to comply with the subpoena unless served with process and filing an

answer and threatening to seek fees and costs if the subpoena was not withdrawn. *See* emails, attached as Exhibit 4. The undersigned desired to obtain the footage before engaging in protracted and unnecessary litigation. *Id.*

35.    On December 7, 2023, the undersigned issued an alias summons after dismissing Tulsa from the initial petition. See emails of December 7, 2023, attached as Exhibit 5.

36.    In response to the subpoena, Tulsa responded that "there was no video to produce." See Exhibit 6.

37.    The ORA expresses "the public policy of the State of Oklahoma that the people are vested with the inherent right to know and be fully informed about their government." ORA § 24A.2. Pursuant to this public policy, the stated purpose of the ORA "is to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power." *Id.* To effect these purposes, ORA §24A.5 mandates that "records of public bodies and public officials shall be open to any person for inspection, copying, or mechanical reproduction .... " As such, it imposes an affirmative and legally cognizable duty on Tulsa to allow public access to the records within its custody, control, or possession.  ORA §24A.5(6) mandates that a public body or an official "must provide prompt, reasonable access to its records." 51 O. S. § 24A.5 (6) provides:

> A public body must provide **prompt, reasonable access** to its records but may establish reasonable procedures which protect the integrity and organization of its records and to prevent excessive disruptions of its essential functions. **A delay in providing access to records shall be limited solely to the time required for preparing the requested documents and the avoidance of excessive disruptions of the public body's essential functions**. In no event may production of a current request for records be unreasonably delayed until after completion of a prior records request that will take substantially longer than the current request. (emphasis added).

51 O.S. § 24.2 provides:

As the Oklahoma Constitution recognizes and guarantees, all political power is inherent in the people. Thus, it is the public policy of the State of Oklahoma that the people are vested with the inherent right to know and be fully informed about their government. The Oklahoma Open Records Act shall not create, directly or indirectly, any rights of privacy or any remedies for violation of any rights of privacy. . . . **The purpose of this act is to ensure and facilitate the public's right of access to and review of government records so they may efficiently and intelligently exercise their inherent political power**.

38.    As of the date of filing, Tulsa has still not fulfilled the ORA request.

39.    Tulsa has violated the ORA by failing to provide "prompt, reasonable access" to open records under the Oklahoma Open Records Act." Notably, Tulsa officials admitted that audio and video footage exists and that such was viewed but subsequently denied the existence of any video to produce.

40.    Pursuant to ORA §24A.17(B), Plaintiff requests (a) declaratory relief in the form of an order declaring that Defendant has violated the ORA by failing to provide prompt and reasonable access to public documents, and (b) injunctive relief in the form of an order for the immediate release of all records responsive to Plaintiff's ORA requests. The conduct of Tulsa is similar to the conduct it engaged in when it refused to produce ORA request from the Tulsa Firefighters Union resulting in a lawsuit being filed in Tulsa County Case CV-2022-2613. *See* Burt Mummolo, K. S. (n.d.). *Firefighters Sue city over open records request.* KTUL. https://ktul.com/news/local/firefighters-sue-city-over-open-records-request and Cotten, K. (2023, January 23). *City of Tulsa facing another lawsuit over Open Records Act.* K95.5 Tulsa. https://www.k95tulsa.com/news/city-tulsa-facing-another-lawsuit-over-open-records-act/H5XHB63YMZHC3D73WP3USSPNRU/. Additionally, in yet another instance, Oklahoma Watch and reporter Whitney Bryen filed an ORA lawsuit against Tulsa seeking details of an incident that resulted in the violent arrest of a woman in the throes of a mental health crisis. See *Tulsa Police Department sued for violating the Oklahoma Open Records Act.* FOIBible. (2022,

December 22). https://foibible.com/commentary/tulsa-police-department-sued-for-violating-the-oklahoma-open-records-act.

43.     Plaintiff further prays that the Court Award Plaintiff its reasonable attorneys' fees in this action, as Plaintiff is entitled to attorneys' fees upon successful determination of the action on the merits under ORA §24A.17(B)(2).

## CONCLUSION

WHEREFORE, Plaintiff seeks an award of actual damages in excess of $75,000.00 against GS4 and Allied. Further, Further, Plaintiff has incurred attorney fees and costs pursuing this matter and pursuant to 42 U.S.C. § 1988 Plaintiff should be reimbursed a reasonable award of attorney fees and costs.  In the event that actual damages are not provable, nominal damages should be issued as a means to redress the civil rights of Plaintiff. As to Tulsa, Plaintiff seeks declaratory and injunctive relief as set forth herein.

B. McH9h

Brendan M. McHugh, OBA #18422
P.O. Box 1392
Claremore, OK 74018
Tele: (918) 608-0111
Fax: (918) 803-4910
-and-
Dana Jim, OBA #19495
P.O. Box 1011
Vinita, OK  74301
Tele:  918-457-6626
Fax: 918-517-3431
*Attorneys for Plaintiff*

Hello, My name  is KeJuana Morrison and I was sending this email to let you know on the 8th of this month when I was arrested and brought to jail for warrants of old traffic tickets and a car accident that night so I have a heart condition so my papilation was off I couldn't breathe and speak to give them my medical history so they put me in holding cell saying I refused to cooperate as I'm telling them I need medical attention, they came and got me a couple hours later took me in a room to get booked a male officer on duty at time took my pics and as I was getting bracelet on from another officer he said I needed to lift my arm up more to him but I let him know that my arm wouldn't let me extend it straight up to him due to my nerves in shock made my arm draw up and as I'm extending my arm as far as I could I was blind sided by this male officer  choking my neck forcing my head to a wall and banging my head on it then slamming me to ground hitting my  head so at this point I felt scared and unsafe so I laid my hand in front of face to protect it from floor so he then places his knee on my back as I tell him I can't breathe and have heart condition he then places his other knee on my neck so I couldn't breathe and I can feel the vessels popping in my eye and something was going on far as my head like something was not right but he takes my hands and bend my fingers as hard as he can and twisted the



## Hardin, Weston Yesterday

to me ⌄



KeJuana,

Thank you for the email explaining the details of the incident that occurred on 01/08/2023 at 2319 hours inside of the Tulsa City Jail. All policy and procedures for the City of Tulsa jail are outlined with the safety for those incarcerated inside of the facility and the staff. Safety for all inside of the jail is of the up most importance.

All incidents inside the jail are audio and video recorded. I have reviewed the footage of the incident. I will forward your email, video footage, and the report written by detention staff to the Tulsa Police Department.

Thank you,

**Weston Hardin    Jail Administrator**

**City of Tulsa Municipal Jail**

**P005874-042623 - Public Records Request**

EXHIBIT

3

## Message History (10)

✉ On 9/1/2023 3:01:15 PM, Tulsa Police Department Open Records Center wrote:

**Attachments:** INV23-P005874-2.pdf
**Subject:** Payment Received on Invoice :: P005874-042623
**Body:**



---

RE: PUBLIC RECORDS REQUEST of April 26, 2023, Reference # P005874-042623

Dear Attorney Brendan McHugh,

We have received your payment on invoice number INV23-P005874-2 of $

| Payment Date | Payment Method | Payment Amount |
|---|---|---|
| 9/1/2023 | Check | $30.00 |

on 09/01/2023 for Request Number P005874-042623.

If you are paying the estimate, we will now begin working on gathering documents responsive to your request. Once we have gathered the documents, a final statement of the remaining balance owed will be sent to you. This amount may change from the estimate depending on how much time and labor is actually spent on your request. Full payment is required before we release the records to you.



If you are making your final payment, we will contact you once your request is fulfilled and the documents are available for you online at the Public Records Center.


Sincerely,


Tulsa Police Department

---

To monitor the progress or update this request please log into the <u>Open Records Center</u>



✉ On 8/28/2023 10:47:00 AM, Tulsa Police Department Open Records Center wrote:

**Attachments:** <u>INV23-P005874-2.pdf</u>
**Subject:** INVOICE - PUBLIC RECORDS REQUEST :: P005874-042623
**Body:**



---

RE: PUBLIC RECORDS REQUEST of April 26, 2023, Reference # P005874-042623.



Dear Attorney Brendan McHugh,

Your invoice is ready. Please login to the **Tulsa Police Department Public Records Center** to make an online payment.

You can also make a check or money order payable to: Tulsa Police Department

Tulsa Police Records

P.O. Box 1027

Tulsa, OK 74101

Sincerely,

Shannon Jennings

Records Section Manager

Tulsa Police Department

---

To monitor the progress or update this request please log into the Open Records Center





✉ On 7/18/2023 1:24:55 PM, Tulsa Police Department Open Records Center wrote:

**Attachments:** <u>INV23-P005874-1.pdf</u>
**Subject:** Payment Received on Invoice :: P005874-042623
**Body:**



---

RE: PUBLIC RECORDS REQUEST of April 26, 2023, Reference # P005874-042623

Dear Attorney Brendan McHugh,

We have received your payment on invoice number INV23-P005874-1 of $

| Payment Date | Payment Method | Payment Amount |
|---|---|---|
| 7/18/2023 | Check | $9.50 |

on 07/18/2023 for Request Number P005874-042623.

If you are paying the estimate, we will now begin working on gathering documents responsive to your request. Once we have gathered the documents, a final statement of the remaining balance owed will be sent to you. This amount may change from the estimate depending on how much time and labor is actually spent on your request. Full payment is required before we release the records to you.



If you are making your final payment, we will contact you once your request is fulfilled and the documents are available for you online at the Public Records Center.


Sincerely,


Tulsa Police Department

---

To monitor the progress or update this request please log into the Open Records Center



↩ On 6/29/2023 5:48:05 PM, Brendan McHugh wrote:

TO: "Tulsa Police Department Open Records Center"[tulsapolice@govqa.us]
Thank you for your assistance and response.

Sent from my iPhone
On Jun 29, 2023, at 3:37 PM, Tulsa Police Department Open Records Center wrote:



✉ On 6/29/2023 3:37:10 PM, Tulsa Police Department Open Records Center wrote:

**Subject:** [Public Records Center] Public Records Request :: P005874-042623
**Body:**
I understand,  I have sent on the request for the BWC/Dash as the ORA request.

Thank you,
Shannon



On 6/29/2023 3:15:18 PM, Brendan McHugh wrote:

TO: "Tulsa Police Department Open Records Center"[tulsapolice@govqa.us]
I cannot subpoena the documents because there is not a pending case to issue a subpoena. I have to obtain the ORA copy. Thank you.
Brendan M. McHugh

On Fri, Jun 23, 2023 at 10:01 AM Tulsa Police Department Open Records Center wrote:

On 6/23/2023 10:00:19 AM, Tulsa Police Department Open Records Center wrote:

**Subject:** [Public Records Center] Public Records Request :: P005874-042623
**Body:**
Mr. McHugh,

I want to apologize for the delay on this. I've had several people out and my ORA requests took the hit. I've invoices what is currently available. I have not ordered the officer's BWC/Dash cam as of yet. There is a back log with ORA request on those. Everything else that you are requesting will have to be requested through a subpoena. If you include the BWC/Dash cam within your subpoena you will get it faster than waiting for them through ORA currently. If you want me to request them as an ORA, I can do so. I just wanted to advise a faster way to obtain them. If you have any question please reach out at
any time.

Shannon

On 6/23/2023 9:54:46 AM, Tulsa Police Department Open Records Center wrote:

**Attachments:** INV23-P005874-1.pdf
**Subject:** INVOICE - PUBLIC RECORDS REQUEST :: P005874-042623
**Body:**



---



RE: PUBLIC RECORDS REQUEST of April 26, 2023, Reference # P005874-042623.


Dear Attorney Brendan McHugh,


Your invoice is ready. Please login to the **Tulsa Police Department Public Records Center** to make an online payment.


You can also make a check or money order payable to: Tulsa Police Department


Tulsa Police Records

P.O. Box 1027

Tulsa, OK 74101




Sincerely,

Shannon Jennings

Records Section Manager

Tulsa Police Department

---

To monitor the progress or update this request please log into the Open Records Center





✉ On 4/26/2023 10:31:15 AM, Tulsa Police Department Open Records Center
wrote:



---

Dear Attorney Brendan McHugh:

Thank you for your interest in public records of the Tulsa Police Department. Your request has been received
and is being processed in accordance with Title 51 of the Oklahoma State Statutes, Subsection 24, also known
as the Oklahoma Open Records Act. Your request was received in this office on 4/26/2023 and given the
reference number P005874-042623 for tracking purposes.

**Records Requested:** I am the attorney for Ms. Morrison, I request the following:

1. All dispatch logs, run reports, incident reports, documents, records, recordings, video(s), audio recordings,
phot(s), investigative reports, interviews, witness statements, disciplinary records, files, and/or statements
concerning Kejuana Morrison.

2. the complete jail file of Kejuana Morrison.

3. the medical file of Kejuana Morrison

4. The jail audio and video of January 8, 2023 of KeJuana Morrison from 1 minute before her arrival at the jail
until 5 minutes after the events set forth in Ms. Morrison complaint attached hereto.

Thank you



Your request will be forwarded to the relevant department(s) to locate the information you seek and to determine the volume and any costs associated with satisfying your request. You will be contacted about the availability and/or provided with copies of the records in question. PLEASE NOTE: Title 51 of the Oklahoma State Statutes, Subsection 24, also known as the Oklahoma Open Records Act does not require a governmental body to create new information, to do legal research, or to answer questions.

You can monitor the progress of your request at the link below and you'll receive an email when your request has been completed. Again, thank you for using the Open Records Center.

Tulsa Police Department

---

To monitor the progress or update this request please log into the Open Records Center



✉ On 4/26/2023 10:31:14 AM, Brendan McHugh wrote:

Request Created on Public Portal



 Gmail

Brendan Mchugh <bmcq1990@gmail.com>

## Morrison v. City of Tulsa, et al - Subpoena Duces Tecum
7 messages

**Gray, Kristina** <kgray@cityoftulsa.org>
To: "bmcq1990@gmail.com" <bmcq1990@gmail.com>
Cc: "Disney, Teresia" <TDISNEY@cityoftulsa.org>

Wed, Nov 29, 2023 at 8:38 AM

Good morning Mr. McHugh.

The City has received your Subpoena Duces Tecum for records in the case of *Kejuana Shonta Morrison v. City of Tulsa, et al.*, case number CJ-2023-3514. It appears from the caption of the case that the City is named as a Defendant. However, we have not, at this time been served in this matter. Since the City is named as a Defendant, the appropriate mechanism to obtain documents from the City in this lawsuit is through a Request For Production of Documents, not through a subpoena. Title 12 section 3234 (C) makes clear that subpoena is an appropriate was to obtain documents from non-parties, not from named Defendants. ("C. NONPARTIES. A **nonparty** may be compelled to produce documents and tangible things or to permit an inspection as provided in Section 2004.1 of this title.") Once this lawsuit is served, requests for production of documents can be appropriately served on the City to which the City will respond within 30 days of answering the Petition as set forth in 12 O.S. § 3234 (A)(2).

**Please advise by the end of the day (Wednesday November 29) whether you will agree to withdraw this subpoena.**

Should you not agree to withdraw the subpoena we will file a special entry of appearance and motion to quash in this case. Since the statutes are clear on how documents are appropriately obtained from parties, we will be requesting our attorney fees and costs should we have to file a motion to quash.

Sincerely,

**Kristina L. Gray ¦ Litigation Division Manager**
City of Tulsa Legal Department

175 E. 2nd Street, Suite 685, Tulsa, OK 74103

T: 918-596-7717

F: 918-596-9700
E: kgray@cityoftulsa.org
www.cityoftulsa.org


EXHIBIT
4

**Notice:** This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication (including any attachments) is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Any tax advice contained in this communication is not intended to be used, and cannot be used, to avoid tax penalties.

**Brendan Mchugh** <bmcq1990@gmail.com>                    Wed, Nov 29, 2023 at 10:14 AM
To: "Gray, Kristina" <kgray@cityoftulsa.org>
Cc: "Disney, Teresia" <TDISNEY@cityoftulsa.org>

I had previously did an Ora request for the same information and was told by the City to send a subpoena. Is this something that can be produced with an ORA request?

Sent from my iPhone

On Nov 29, 2023, at 8:38 AM, Gray, Kristina <kgray@cityoftulsa.org> wrote:

Good morning Mr. McHugh.

The City has received your Subpoena Duces Tecum for records in the case of *Kejuana Shonta Morrison v. City of Tulsa, et al.*, case number CJ-2023-3514. It appears from the caption of the case that the City is named as a Defendant. However, we have not, at this time been served in this matter. Since the City is named as a Defendant, the appropriate mechanism to obtain documents from the City in this lawsuit is through a Request For Production of Documents, not through a subpoena. Title 12 section 3234 (C) makes clear that subpoena is an appropriate was to obtain documents from non-parties, not from named Defendants. ("C. NONPARTIES. A **nonparty** may be compelled to produce documents and tangible things or to permit an inspection as provided in Section 2004.1 of this title.") Once this lawsuit is served, requests for production of documents can be appropriately served on the City to which the City will respond within 30 days of answering the Petition as set forth in 12 O.S. § 3234 (A)(2).

**Please advise by the end of the day (Wednesday November 29) whether you will agree to withdraw this subpoena.**

Should you not agree to withdraw the subpoena we will file a special entry of appearance and motion to quash in this case. Since the statutes are clear on how documents are appropriately obtained from parties, we will be requesting our attorney fees and costs should we have to file a motion to quash.

Sincerely,

**Kristina L. Gray | Litigation Division Manager**
City of Tulsa Legal Department

175 E. 2nd Street, Suite 685. Tulsa, OK 74103

T: 918-596-7717

F: 918-596-9700
E: kgray@cityoftulsa.org
www.cityoftulsa.org

**Notice:** This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication (including any attachments) is strictly prohibited. Please reply to the

sender that you have received the message in error, then delete it. Any tax advice contained in this communication is not intended to be used, and cannot be used, to avoid tax penalties.

**Disney, Teresia** <TDISNEY@cityoftulsa.org>                     Wed, Nov 29, 2023 at 10:27 AM
To: Brendan Mchugh <bmcq1990@gmail.com>, "Gray, Kristina" <kgray@cityoftulsa.org>

A subpoena would have been the proper avenue to obtain these records if we were not a party to the lawsuit.  Whoever instructed you to file the subpoena probably did not know subpoenas are for non-parties, not named defendants.  Since the City of Tulsa is a named defendant in this lawsuit, the proper avenue for requesting these documents is as outlined in the email below.

Teresia M. Disney| Legal Administrative Professional

City of Tulsa Legal Department

175 E. 2nd Street, Suite 685, Tulsa, OK 74103

T: 918-576-5420?

F: 918-596-9700

E: tdisney@cityoftulsa.org

**From:** Brendan Mchugh <bmcq1990@gmail.com>
**Sent:** Wednesday, November 29, 2023 10:14 AM
**To:** Gray, Kristina <kgray@cityoftulsa.org>
**Cc:** Disney, Teresia <TDISNEY@cityoftulsa.org>
**Subject:** Re: Morrison v. City of Tulsa, et al - Subpoena Duces Tecum

I had previously did an Ora request for the same information and was told by the City to send a subpoena. Is this something that can be produced with an ORA request?

Sent from my iPhone

On Nov 29, 2023, at 8:38 AM, Gray, Kristina <kgray@cityoftulsa.org> wrote:

Good morning Mr. McHugh.

The City has received your Subpoena Duces Tecum for records in the case of *Kejuana Shonta Morrison v. City of Tulsa, et al.*, case number CJ-2023-3514.  It appears from the caption of the case that the City is named as a Defendant.  However, we have not, at this time been served in this matter.  Since the City is named as a Defendant, the appropriate mechanism to obtain documents from the City in this lawsuit is through a Request For Production of Documents, not through a subpoena.  Title 12 section 3234 (C) makes clear that subpoena is an appropriate was to obtain documents from non-parties, not from named Defendants. ("C. NONPARTIES. A **nonparty** may be compelled to produce documents and tangible things or to permit an inspection as provided in Section 2004.1 of this title.")  Once this lawsuit is served, requests

for production of documents can be appropriately served on the City to which the City will respond within 30 days of answering the Petition as set forth in 12 O.S. § 3234 (A)(2).

**Please advise by the end of the day (Wednesday November 29) whether you will agree to withdraw this subpoena.**

Should you not agree to withdraw the subpoena we will file a special entry of appearance and motion to quash in this case. Since the statutes are clear on how documents are appropriately obtained from parties, we will be requesting our attorney fees and costs should we have to file a motion to quash.

Sincerely,

**Kristina L. Gray | Litigation Division Manager**
City of Tulsa Legal Department

175 E. 2nd Street, Suite 685, Tulsa, OK 74103

T: 918-596-7717

F: 918-596-9700
E: kgray@cityoftulsa.org
www.cityoftulsa.org

**Notice:** This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication (including any attachments) is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Any tax advice contained in this communication is not intended to be used, and cannot be used, to avoid tax penalties.

CAUTION: This email originated from outside of the organization. Do not reply, forward, click links, or open attachments unless you recognize the sender and know the content is safe. Please report using the Phish Alert button in the Outlook Desktop Client if this message contains potentially unsafe content.

**Brendan Mchugh** <bmcq1990@gmail.com>                                    Wed, Nov 29, 2023 at 12:48 PM
To: "Disney, Teresia" <TDISNEY@cityoftulsa.org>
Cc: "Gray, Kristina" <kgray@cityoftulsa.org>

I will withdraw it. If I send a RFP would the City produce it without me obtaining service? I am trying to ascertain the proper parties and entities and I need to review the video prior to engaging in protracted litigation.

Brendan M. McHugh

On Wed, Nov 29, 2023 at 10:27 AM Disney, Teresia <TDISNEY@cityoftulsa.org> wrote:
A subpoena would have been the proper avenue to obtain these records if we were not a party to the lawsuit. Whoever instructed you to file the subpoena probably did not know subpoenas are for non-parties, not named defendants. Since the City of Tulsa is a named defendant in this lawsuit, the proper avenue for requesting these documents is as outlined in the email below.

Teresia M. Disney| Legal Administrative Professional

**City of Tulsa Legal Department**

**175 E. 2nd Street, Suite 685, Tulsa, OK 74103**

**T: 918-576-5420**?

**F: 918-596-9700**

E: tdisney@cityoftulsa.org

**From:** Brendan Mchugh <bmcq1990@gmail.com>
**Sent:** Wednesday, November 29, 2023 10:14 AM
**To:** Gray, Kristina <kgray@cityoftulsa.org>
**Cc:** Disney, Teresia <TDISNEY@cityoftulsa.org>
**Subject:** Re: Morrison v. City of Tulsa, et al - Subpoena Duces Tecum

I had previously did an Ora request for the same information and was told by the City to send a subpoena. Is this something that can be produced with an ORA request?

Sent from my iPhone

> On Nov 29, 2023, at 8:38 AM, Gray, Kristina <kgray@cityoftulsa.org> wrote:

Good morning Mr. McHugh.

The City has received your Subpoena Duces Tecum for records in the case of *Kejuana Shonta Morrison v. City of Tulsa, et al.*, case number CJ-2023-3514. It appears from the caption of the case that the City is named as a Defendant. However, we have not, at this time been served in this matter. Since the City is named as a Defendant, the appropriate mechanism to obtain documents from the City in this lawsuit is through a Request For Production of Documents, not through a subpoena. Title 12 section 3234 (C) makes clear that subpoena is an appropriate was to obtain documents from non-parties, not from named Defendants. ("C. NONPARTIES. A **nonparty** may be compelled to produce documents and tangible things or to permit an inspection as provided in Section 2004.1 of this title.") Once this lawsuit is served, requests for production of documents can be appropriately served on the City to which the City will respond within 30 days of answering the Petition as set forth in 12 O.S. § 3234 (A)(2).

**Please advise by the end of the day (Wednesday November 29) whether you will agree to withdraw this subpoena.**

Should you not agree to withdraw the subpoena we will file a special entry of appearance and motion to quash in this case. Since the statutes are clear on how documents are appropriately obtained from parties, we will be requesting our attorney fees and costs should we have to file a motion to quash.

Sincerely,

**Kristina L. Gray | Litigation Division Manager**
City of Tulsa Legal Department

175 E. 2nd Street, Suite 685. Tulsa, OK 74103

T: 918-596-7717

F: 918-596-9700
E: kgray@cityoftulsa.org
www.cityoftulsa.org

**Notice:** This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication (including any attachments) is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Any tax advice contained in this communication is not intended to be used, and cannot be used, to avoid tax penalties.

CAUTION: This email originated from outside of the organization. Do not reply, forward, click links, or open attachments unless you recognize the sender and know the content is safe. Please report using the Phish Alert button in the Outlook Desktop Client if this message contains potentially unsafe content.

Disney, Teresia <TDISNEY@cityoftulsa.org>                    Wed, Nov 29, 2023 at 1:25 PM
To: Brendan Mchugh <bmcq1990@gmail.com>
Cc: "Gray, Kristina" <kgray@cityoftulsa.org>

No. The City will not respond to discovery until we have been served with the lawsuit and filed our answer.

Teresia M. Disney| Legal Administrative Professional

City of Tulsa Legal Department

175 E. 2nd Street, Suite 685, Tulsa, OK 74103

T: 918-576-5420?

F: 918-596-9700

E: tdisney@cityoftulsa.org

**From:** Brendan Mchugh <bmcq1990@gmail.com>
**Sent:** Wednesday, November 29, 2023 12:48 PM
**To:** Disney, Teresia <TDISNEY@cityoftulsa.org>
**Cc:** Gray, Kristina <kgray@cityoftulsa.org>
**Subject:** Re: Morrison v. City of Tulsa, et al - Subpoena Duces Tecum

I will withdraw it. If I send a RFP would the City produce it without me obtaining service? I am trying to ascertain the proper parties and entities and I need to review the video prior to engaging in protracted litigation.


Brendan M. McHugh


On Wed, Nov 29, 2023 at 10:27 AM Disney, Teresia <TDISNEY@cityoftulsa.org> wrote:

> A subpoena would have been the proper avenue to obtain these records if we were not a party to the lawsuit. Whoever instructed you to file the subpoena probably did not know subpoenas are for non-parties, not named defendants. Since the City of Tulsa is a named defendant in this lawsuit, the proper avenue for requesting these documents is as outlined in the email below.
>
>
> Teresia M. Disney| Legal Administrative Professional
>
> City of Tulsa Legal Department
>
> 175 E. 2nd Street, Suite 685, Tulsa, OK 74103
>
> T: 918-576-5420?
>
> F: 918-596-9700
>
> E: tdisney@cityoftulsa.org
>
>
>
>
> **From:** Brendan Mchugh <bmcq1990@gmail.com>
> **Sent:** Wednesday, November 29, 2023 10:14 AM
> **To:** Gray, Kristina <kgray@cityoftulsa.org>
> **Cc:** Disney, Teresia <TDISNEY@cityoftulsa.org>
> **Subject:** Re: Morrison v. City of Tulsa, et al - Subpoena Duces Tecum
>
> I had previously did an Ora request for the same information and was told by the City to send a subpoena. Is this something that can be produced with an ORA request?
>
> Sent from my iPhone
>
>> On Nov 29, 2023, at 8:38 AM, Gray, Kristina <kgray@cityoftulsa.org> wrote:
>>
>>
>>
>> Good morning Mr. McHugh.
>>
>>
>> The City has received your Subpoena Duces Tecum for records in the case of *Kejuana Shonta Morrison v. City of Tulsa, et al.*, case number CJ-2023-3514. It appears from the caption of the case that the City is named as a Defendant. However, we have not, at this time been served in this matter. Since the City is named as a Defendant, the appropriate mechanism to obtain documents from the City in this lawsuit is through a Request For Production of Documents, not through a subpoena. Title 12 section 3234 (C) makes clear that subpoena is an appropriate was to obtain documents from non-parties, not from named Defendants. ("C. NONPARTIES. A **nonparty** may be compelled to produce documents and tangible things or to permit an inspection as provided in Section 2004.1 of this title.") Once this lawsuit is served,

requests for production of documents can be appropriately served on the City to which the City will respond within 30 days of answering the Petition as set forth in 12 O.S. § 3234 (A)(2).

**Please advise by the end of the day (Wednesday November 29) whether you will agree to withdraw this subpoena.**

Should you not agree to withdraw the subpoena we will file a special entry of appearance and motion to quash in this case. Since the statutes are clear on how documents are appropriately obtained from parties, we will be requesting our attorney fees and costs should we have to file a motion to quash.

Sincerely,

**Kristina L. Gray | Litigation Division Manager**
City of Tulsa Legal Department

175 E. 2nd Street, Suite 685, Tulsa, OK 74103

T: 918-596-7717

F: 918-596-9700
E: kgray@cityoftulsa.org
www.cityoftulsa.org

**Notice:** This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication (including any attachments) is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Any tax advice contained in this communication is not intended to be used, and cannot be used, to avoid tax penalties.

CAUTION: This email originated from outside of the organization. Do not reply, forward, click links, or open attachments unless you recognize the sender and know the content is safe. Please report using the Phish Alert button in the Outlook Desktop Client if this message contains potentially unsafe content.

CAUTION: This email originated from outside of the organization. Do not reply, forward, click links, or open attachments unless you recognize the sender and know the content is safe. Please report using the Phish Alert button in the Outlook Desktop Client if this message contains potentially unsafe content.

**Brendan Mchugh** <bmcq1990@gmail.com>                                    Wed, Nov 29, 2023 at 1:37 PM
To: "Disney, Teresia" <TDISNEY@cityoftulsa.org>
Cc: "Gray, Kristina" <kgray@cityoftulsa.org>

Ok. Do I need to file anything to withdraw the subpoena or is my email good enough?

Brendan M. McHugh

On Wed, Nov 29, 2023 at 1:25 PM Disney, Teresia <TDISNEY@cityoftulsa.org> wrote:

No. The City will not respond to discovery until we have been served with the lawsuit and filed our answer.

Teresia M. Disney| Legal Administrative Professional

City of Tulsa Legal Department

175 E. 2nd Street, Suite 685, Tulsa, OK 74103

T: 918-576-5420?

F: 918-596-9700

E: tdisney@cityoftulsa.org

**From:** Brendan Mchugh <bmcq1990@gmail.com>
**Sent:** Wednesday, November 29, 2023 12:48 PM
**To:** Disney, Teresia <TDISNEY@cityoftulsa.org>
**Cc:** Gray, Kristina <kgray@cityoftulsa.org>
**Subject:** Re: Morrison v. City of Tulsa, et al - Subpoena Duces Tecum

I will withdraw it. If I send a RFP would the City produce it without me obtaining service? I am trying to ascertain the proper parties and entities and I need to review the video prior to engaging in protracted litigation.

Brendan M. McHugh

On Wed, Nov 29, 2023 at 10:27 AM Disney, Teresia <TDISNEY@cityoftulsa.org> wrote:
A subpoena would have been the proper avenue to obtain these records if we were not a party to the lawsuit.  Whoever instructed you to file the subpoena probably did not know subpoenas are for non-parties, not named defendants.  Since the City of Tulsa is a named defendant in this lawsuit, the proper avenue for requesting these documents is as outlined in the email below.

Teresia M. Disney| Legal Administrative Professional

City of Tulsa Legal Department

175 E. 2nd Street, Suite 685, Tulsa, OK 74103

T: 918-576-5420?

F: 918-596-9700

E: tdisney@cityoftulsa.org

**From:** Brendan Mchugh <bmcq1990@gmail.com>
**Sent:** Wednesday, November 29, 2023 10:14 AM
**To:** Gray, Kristina <kgray@cityoftulsa.org>
**Cc:** Disney, Teresia <TDISNEY@cityoftulsa.org>
**Subject:** Re: Morrison v. City of Tulsa, et al - Subpoena Duces Tecum

I had previously did an Ora request for the same information and was told by the City to send a subpoena. Is this something that can be produced with an ORA request?

Sent from my iPhone

> On Nov 29, 2023, at 8:38 AM, Gray, Kristina <kgray@cityoftulsa.org> wrote:

Good morning Mr. McHugh.

The City has received your Subpoena Duces Tecum for records in the case of *Kejuana Shonta Morrison v. City of Tulsa, et al.*, case number CJ-2023-3514.  It appears from the caption of the case that the City is named as a Defendant.  However, we have not, at this time been served in this matter.  Since the City is named as a Defendant, the appropriate mechanism to obtain documents from the City in this lawsuit is through a Request For Production of Documents, not through a subpoena.  Title 12 section 3234 (C) makes clear that subpoena is an appropriate was to obtain documents from non-parties, not from named Defendants. ("C. NONPARTIES. A **nonparty** may be compelled to produce documents and tangible things or to permit an inspection as provided in Section 2004.1 of this title.")  Once this lawsuit is served, requests for production of documents can be appropriately served on the City to which the City will respond within 30 days of answering the Petition as set forth in 12 O.S. § 3234 (A)(2).

**Please advise by the end of the day (Wednesday November 29) whether you will agree to withdraw this subpoena.**

Should you not agree to withdraw the subpoena we will file a special entry of appearance and motion to quash in this case.  Since the statutes are clear on how documents are appropriately obtained from parties, we will be requesting our attorney fees and costs should we have to file a motion to quash.

Sincerely,

**Kristina L. Gray | Litigation Division Manager**
City of Tulsa Legal Department

175 E. 2nd Street, Suite 685. Tulsa, OK 74103

T: 918-596-7717

F: 918-596-9700
E: kgray@cityoftulsa.org
www.cityoftulsa.org

**Notice:** This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication (including any attachments) is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Any tax advice contained in this communication is not intended to be used, and cannot be used, to avoid tax penalties.

CAUTION: This email originated from outside of the organization. Do not reply, forward, click links, or open attachments unless you recognize the sender and know the content is safe. Please report using the Phish Alert button in the Outlook Desktop Client if this message contains potentially unsafe content.

CAUTION: This email originated from outside of the organization. Do not reply, forward, click links, or open attachments unless you recognize the sender and know the content is safe. Please report using the Phish Alert button in the Outlook Desktop Client if this message contains potentially unsafe content.

**Gray, Kristina** <kgray@cityoftulsa.org>                                    Wed, Nov 29, 2023 at 1:39 PM
To: Brendan Mchugh <bmcq1990@gmail.com>, "Disney, Teresia" <TDISNEY@cityoftulsa.org>

The email is fine.


Thank you.


**Kristina L. Gray | Litigation Division Manager**
City of Tulsa Legal Department

175 E. 2nd Street, Suite 685. Tulsa, OK 74103

T: 918-596-7717

F: 918-596-9700
E: kgray@cityoftulsa.org
www.cityoftulsa.org


**Notice:** This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication (including any attachments) is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Any tax advice contained in this communication is not intended to be used, and cannot be used, to avoid tax penalties.


**From:** Brendan Mchugh <bmcq1990@gmail.com>
**Sent:** Wednesday, November 29, 2023 1:37 PM
**To:** Disney, Teresia <TDISNEY@cityoftulsa.org>
**Cc:** Gray, Kristina <kgray@cityoftulsa.org>
**Subject:** Re: Morrison v. City of Tulsa, et al - Subpoena Duces Tecum


Ok. Do I need to file anything to withdraw the subpoena or is my email good enough?

Brendan M. McHugh

On Wed, Nov 29, 2023 at 1:25 PM Disney, Teresia <TDISNEY@cityoftulsa.org> wrote:

No. The City will not respond to discovery until we have been served with the lawsuit and filed our answer.

Teresia M. Disney| Legal Administrative Professional

City of Tulsa Legal Department

175 E. 2nd Street, Suite 685, Tulsa, OK 74103

T: 918-576-5420?

F: 918-596-9700

E: tdisney@cityoftulsa.org

**From:** Brendan Mchugh <bmcq1990@gmail.com>
**Sent:** Wednesday, November 29, 2023 12:48 PM
**To:** Disney, Teresia <TDISNEY@cityoftulsa.org>
**Cc:** Gray, Kristina <kgray@cityoftulsa.org>
**Subject:** Re: Morrison v. City of Tulsa, et al - Subpoena Duces Tecum

I will withdraw it. If I send a RFP would the City produce it without me obtaining service? I am trying to ascertain the proper parties and entities and I need to review the video prior to engaging in protracted litigation.

Brendan M. McHugh

On Wed, Nov 29, 2023 at 10:27 AM Disney, Teresia <TDISNEY@cityoftulsa.org> wrote:

A subpoena would have been the proper avenue to obtain these records if we were not a party to the lawsuit. Whoever instructed you to file the subpoena probably did not know subpoenas are for non-parties, not named defendants. Since the City of Tulsa is a named defendant in this lawsuit, the proper avenue for requesting these documents is as outlined in the email below.

Teresia M. Disney| Legal Administrative Professional

City of Tulsa Legal Department

175 E. 2nd Street, Suite 685, Tulsa, OK 74103

T: 918-576-5420?

F: 918-596-9700

E: tdisney@cityoftulsa.org

**From:** Brendan Mchugh <bmcq1990@gmail.com>
**Sent:** Wednesday, November 29, 2023 10:14 AM
**To:** Gray, Kristina <kgray@cityoftulsa.org>
**Cc:** Disney, Teresia <TDISNEY@cityoftulsa.org>
**Subject:** Re: Morrison v. City of Tulsa, et al - Subpoena Duces Tecum

I had previously did an Ora request for the same information and was told by the City to send a subpoena. Is this something that can be produced with an ORA request?

Sent from my iPhone

> On Nov 29, 2023, at 8:38 AM, Gray, Kristina <kgray@cityoftulsa.org> wrote:

Good morning Mr. McHugh.

The City has received your Subpoena Duces Tecum for records in the case of *Kejuana Shonta Morrison v. City of Tulsa, et al.*, case number CJ-2023-3514. It appears from the caption of the case that the City is named as a Defendant. However, we have not, at this time been served in this matter. Since the City is named as a Defendant, the appropriate mechanism to obtain documents from the City in this lawsuit is through a Request For Production of Documents, not through a subpoena. Title 12 section 3234 (C) makes clear that subpoena is an appropriate was to obtain documents from non-parties, not from named Defendants. ("C. NONPARTIES. A **nonparty** may be compelled to produce documents and tangible things or to permit an inspection as provided in Section 2004.1 of this title.") Once this lawsuit is served, requests for production of documents can be appropriately served on the City to which the City will respond within 30 days of answering the Petition as set forth in 12 O.S. § 3234 (A)(2).

**Please advise by the end of the day (Wednesday November 29) whether you will agree to withdraw this subpoena.**

Should you not agree to withdraw the subpoena we will file a special entry of appearance and motion to quash in this case. Since the statutes are clear on how documents are appropriately obtained from parties, we will be requesting our attorney fees and costs should we have to file a motion to quash.

Sincerely,

**Kristina L. Gray ¦ Litigation Division Manager**
City of Tulsa Legal Department

175 E. 2ⁿᵈ Street, Suite 685, Tulsa, OK 74103

T: 918-596-7717

F: 918-596-9700
E: kgray@cityoftulsa.org
www.cityoftulsa.org

**Notice:** This email (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§2510-2521, is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication (including any attachments) is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Any tax advice contained in this communication is not intended to be used, and cannot be used, to avoid tax penalties.

CAUTION: This email originated from outside of the organization. Do not reply, forward, click links, or open attachments unless you recognize the sender and know the content is safe. Please report using the Phish Alert button in the Outlook Desktop Client if this message contains potentially unsafe content.

CAUTION: This email originated from outside of the organization. Do not reply, forward, click links, or open attachments unless you recognize the sender and know the content is safe. Please report using the Phish Alert button in the Outlook Desktop Client if this message contains potentially unsafe content.

CAUTION: This email originated from outside of the organization. Do not reply, forward, click links, or open attachments unless you recognize the sender and know the content is safe. Please report using the Phish Alert button in the Outlook Desktop Client if this message contains potentially unsafe content.

 Gmail

**Brendan Mchugh <bmcq1990@gmail.com>**

## morrison sdt

**Brendan Mchugh** <bmcq1990@gmail.com>
To: "Gray, Kristina" <kgray@cityoftulsa.org>

Thu, Dec 7, 2023 at 3:04 PM

I have attached a copy of the alias SDT, it has been mailed today to the clerk.

Brendan M. McHugh

**kejuana morrison alias sdt.pdf**
346K



## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| KEJUANA SHONTA MORRISON )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>CITY OF TULSA, a political subdivision )<br>and municipal corporation, and )<br>G4S Secure Solutions (USA), Inc., )<br>a foreign corporation, and )<br>UNIVERSAL PROTECTION SERVICE, )<br>LP d/b/a ALLIED UNIVERSAL )<br>SECURITY SERVICES,  a foreign )<br>limited partnership, )<br>    Defendants. ) | CJ-2023-3514 |

### ALIAS SUBPOENA DUCES TECUM

STATE OF OKLAHOMA     )
COUNTY OF ROGERS     )   ss.

      **TO:**   **City Clerk**
          **175 E 2ⁿᵈ Street, Ste. 260**
          **Tulsa, OK 74103**

**YOU ARE HEREBY COMMANDED TO APPEAR** at ROUTE 66 Attorneys, L.L.C., 304 West Will Rogers, Claremore, OK 74017 on the **28ᵗʰ day of December 2023 at 1:00 p.m.**, to present the following items at the request of the Plaintiff in a certain action pending in said Court, wherein Kejuana Shonta Morrison is the Plaintiff and City of Tulsa, G4S Secure Solution (USA), Inc., Universal Protection Service, LP d/b/a Allied Universal Security Services are the Defendants. You are to bring with you the following:

    1.    The medical file of Kejuana Morrison.

    2.    The jail audio and video of January 8, 2023 of Kejuana Morrison from 1 minute before her arrival at the jail until 5 minutes after described by in her attached internal complaint.

### HEREOF FAIL NOT UNDER PENALTY OF LAW

YOU MAY AVOID APPEARING IN PERSON BY PROVIDING THE REQUESTED DOCUMENTS
PRIOR TO THE DATE SPECIFIED

WITNESS my hand on behalf of said Court this ⁷ day of _December_ 2023.

1

Brendan M. McHugh, OBA # 18422
Route 66 Attorneys, L.L.C.
P.O. Box 1392
Claremore, OK 74018
(918) 608-0111
Fax: (918) 803-4910
*Attorneys for Plaintiff*

 Gmail                                                    **Brendan Mchugh <bmcq1990@gmail.com>**

## morrison case
1 message

**Brendan Mchugh** <bmcq1990@gmail.com>                    Thu, Dec 7, 2023 at 12:33 PM
To: "Gray, Kristina" <kgray@cityoftulsa.org>, "Disney, Teresia" <TDISNEY@cityoftulsa.org>

I have attached the filed dismissal dismissing Tulsa w/out prejudice.

Brendan M. McHugh

**dismissal of COT Morrison.pdf**
66K



## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

DISTRICT COURT
**F I L E D**

DEC 0 6 2023

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| KEJUANA SHONTA MORRISON | ) |
| | ) |
| Plaintiff, | ) |
| v. | )  CJ-2023-3514 |
| | ) |
| CITY OF TULSA, a political subdivision | ) |
| and municipal corporation, and | ) |
| G4S Secure Solutions (USA), Inc., | ) |
| a foreign corporation, and | ) |
| UNIVERSAL PROTECTION SERVICE, | ) |
| LP d/b/a ALLIED UNIVERSAL | ) |
| SECURITY SERVICES, a foreign | ) |
| limited partnership, | ) |
| Defendants. | ) |

### DISMISSAL WITHOUT PREJUDICE OF CITY OF TULSA ONLY

COMES NOW the Plaintiff Kejuana Shonta Morrison and dismisses without prejudice City of Tulsa only. Plaintiff retains her claims against all other Defendants.

Respectfully submitted,

Brendan M. McHugh, OBA #18422
P.O. Box 1392
Claremore, OK 74018
Tele:(918) 608-0111
Fax: (918) 803-4910
Email: brendan@lawinok.com
and
Dana Jim, OBA #19495
P.O. Box 1011
Vinita, Oklahoma 74301
Tele: (918) 457-6626
Fax: (918) 517-3431
Email: danajimlaw@gmail.com
*Attorneys for Plaintiff*







EXHIBIT
6

# Tulsa Police Department

## Public Records Center

 Home
 FAQs
 Submit a Request
 My Records Center
 Logout

 View Invoice(s)    View File(s)    View Message(s)

### FAQs

See All FAQs 

The process of Body Cam/Dash Cam request.

Are there fees required for copies of a Public Record?

What records are available under the Open Records Act?

How can I review records that the police department may maintain?

What is the subpoena process?

Request / Incident Summary

| | |
|---|---|
| **Request Type:** | Subpoena - Valid |
| **Contact E-Mail:** | bmcq1990@gmail.com |
| **Reference No:** | S000252-121923 |
| **Status:** | Full Release |
| **Balance Due:** | $0.00      View Invoice(s) |
| **Payments:** | $0.25      View Transaction(s) |

 DOWNLOAD ALL

UPLOAD DATE

| Files: | 01/08/2024 | Medical_Record.pdf |
|---|---|---|
| | 12/19/2023 | CJ-23-3514_Morrison_v_G4S_Solutions.pdf |

Additional Information

**Report Number (If Known):**

Please give the Report Number and all available information you have



Powered by
GovQA

pursuant to the Oklahoma Open Records Act.

**TRACIS and/or Lab number(s):**      If available/known

**Please select the court:**      Tulsa County District Court

**Court Date:**

**Date of Incident:**

**Time of Incident:**

**Location of Incident:**

New Message          Return to List

Messages  5                                          🖶 Print Messages (PDF)

∨ ✉ On 1/8/2024 8:32:29 AM, Tulsa Police Department Open Records Center wrote:

**Subject:** [Public Records Center] Subpoena - Valid :: S000252-121923
**Body:**
Good morning,


The medical record has been released, there was no video to produce. You may view the documents in the portal.



Thanks
Andrea Jacobs
918-596-7476

› ✉ On 1/5/2024 3:09:27 PM, Tulsa Police Department Open Records Center wrote:

› ✉ On 1/2/2024 11:36:33 AM, Tulsa Police Department Open Records Center wrote:

› ✉ On 12/19/2023 12:43:29 AM, Tulsa Police Department Open Records Center wrote:

› ✉ On 12/19/2023 12:43:28 AM, Tulsa Police Department Open Records Center wrote:


Powered by
GovQA