**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

DISTRICT COURT
**F I L E D**

JUN 10 2024

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| KEJUANA SHONTA MORRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CJ-23-3514 |
| | ) |
| CITY OF TULSA, a political subdivision and | ) CASE NO: 2023-03514 |
| municipal corporation, and | ) JUDGE KELLY M. GREENOUGH |
| G4S Secure Solutions (USA), Inc., | ) |
| a foreign corporation, and | ) |
| UNIVERSAL PROTECTION SERVICE, LP, | ) |
| d/b/a ALLIED UNIVERSAL SECURITY | ) |
| SERVICES, a foreign limited partnership, | ) |
| JOHN DOE, individually | ) |
| | ) |
| Defendants. | ) |

### G4S SECURE SOLUTIONS (USA), INC.S' ANSWER TO PLAINTIFF'S PETITION

**COMES NOW** the Defendant, GS4 Secure Solutions (USA), Inc., a Florida corporation, with its principle place of business in Jupiter, Florida (hereinafter "Defendant"), and for its Answer to Plaintiff's Petition, generally denies each and every allegation therein unless specifically admitted. For further answer, Defendant would allege and state as follows:

1. With regard to Paragraph 1 of Plaintiff's Petition, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation contained therein.

2. With regard to Paragraph 2 of Plaintiff's Petition, G4S Secure Solutions (USA) Inc., admits that it is a Florida corporation with its principal place of business in Jupitar, Florida and contracted with the City of Tulsa, a municipal corporation, to provide security services for the jail. Defendant denies the remaining allegations contained within Paragraph 2 of Plaintiff's Petition. To the extent Plaintiff incorporates the language of Exhibit 1 within her allegations of



Paragraph No. 2, Defendant is without sufficient knowledge to admit or deny; therefore same is denied.

3. With regard to Paragraph 3 of Plaintiff's Petition, Defendant admits that the Universal Protection Service, LLC d/b/a Allied Universal Security Services, LLC is a Delaware Corporation with its principal place of business in Conshocken, Pennsylvania and is improperly designated as Universal Protection Service, LP d/b/a Allied Universal Security Services.

4. With regard to Paragraph 4 of Plaintiff's Petition, such allegations are not directed at this Defendant; thus, no answer is required. To the extent such allegations are intended to be directed at this Defendant, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained therein; therefore, such allegations are deemed denied at this time.

5. With regard to Paragraph 5 of Plaintiff's Petition, Defendant admits that G4S Secure Solutions assigned a Security Service Agreement that it held with the City of Tulsa, a municipal corporation, to Universal Protection Services, LLC d/b/a Allied Universal Security Services, LLC, improperly designated as Universal Protection Service, LP d/b/a Allied Universal Security Services. Defendant denies the remaining allegations contained within Paragraph 2 of Plaintiff's Petition. To the extent Plaintiff incorporates the language of Exhibit 2 within her allegations of Paragraph No. 5, Defendant is without sufficient knowledge to admit or deny; therefore same is denied.

6. With regard to Paragraph 6 of Plaintiff's Petition, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation contained therein; therefore, such allegations are deemed denied.

7. With regard to Paragraph 7 of Plaintiff's Petition, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation contained therein.

8. With regard to Paragraph 8 of Plaintiff's Petition, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation contained therein; therefore, such allegations are deemed denied.

9. With regard to Paragraph 9 of Plaintiff's Petition, Defendant specifically denies all allegations to include but not limited to any allegations of misconduct, negligence, and/or constitutional violations. Defendant maintains that all care and treatment to inmates, including Plaintiff, was appropriate, within the applicable standards of care, and caused no harm or injury.

10. With regard to Paragraph 10 of Plaintiff's Petition, Defendant specifically denies all allegations of misconduct, negligence, and/or constitutional violations. Defendant maintains that all care and treatment to inmates, including Plaintiff, was appropriate, within the applicable standards of care, and caused no harm or injury. Defendant is without sufficient information or knowledge to form a belief as to the truth of the remaining allegation contained therein.

11. With regard to Paragraph 11 of Plaintiff's Petition, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation contained therein..

12. With regard to Paragraph 12 of Plaintiff's Petition, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegation contained therein; therefore, such allegations are deemed denied.

13. With regard to Paragraph 13 of Plaintiff's Petition, Defendant admits that G4S and Allied do business throughout Oklahoma including Tulsa County, Oklahoma. Defendant denies that they were responsible for providing medical services and medication to Plaintiff. Defendant further denies that they were responsible for implementing Tulsa City Jail policies regarding

medical and mental health care or assisting in developing policies or training or supervising employees of said policies.

14. With regard to Paragraph 14, said paragraph is a statement of law not of fact to which no responsive averment is required. However, Defendant denies the allegations contained within Paragraph 14 of Plaintiff's Petition to include any violations of any standards.

15. With regard to Paragraph 15 of Plaintiff's Petition, Defendant denies the allegations contained within Paragraph 15 of Plaintiff's Petition.

16. With regard to Paragraph 16 of Plaintiff's Petition, Defendant denies the allegations contained within Paragraph 16 of Plaintiff's Petition.

17. With regard to Paragraph 17 of Plaintiff's Petition, Defendant denies the allegations contained within Paragraph 17 of Plaintiff's Petition.

18. With regard to Paragraph 18 of Plaintiff's Petition, Defendant denies the allegations contained within Paragraph 18 of Plaintiff's Petition.

19. With regard to Paragraph 19 of Plaintiff's Petition, Defendant denies the allegations contained within Paragraph 19 of Plaintiff's Petition.

20. Defendant denies the WHEREFORE clause of Plaintiff's Petition and deny that Plaintiff is entitled to the relief requested therein.

21. Defendant demands a trial by jury with respect to any and all claims and/or allegations contained in Plaintiff's Petition.

**AFFIRMATIVE DEFENSES**

**COMES NOW**, the Defendant, GS4 Secure Solutions (USA), Inc., a foreign corporation, (hereinafter "Defendant"), and for its Affirmative Defenses to Plaintiff's Petition on file herein, would allege and state as follows:

1. Plaintiff's First Petition fails to state a claim upon This Answering Defendant on any ground which relief can be granted.

2. This Answering Defendant did not participate in any violation of Plaintiff's constitutional rights.

3. The constitutional rights of Plaintiff Morrison were not violated.

4. Failure to mitigate damages.

5. This Answering Defendant did not create, cause, implement, or enforce a policy or custom or practice that was the moving force behind Plaintiff's alleged injuries.

6. Plaintiff has failed to adequately set forth any facts to indicate a custom or practice of this Defendant acting with deliberate indifference toward the constitutional rights of any inmate.

7. Punitive damages have not been properly pled and are inapplicable. Additionally, imposition of punitive damages against this Answering Defendant would be improper, unconstitutional and would violate the rights of this Answering Defendant under the United States Constitution and the Oklahoma Constitution. Any claim for punitive damages by the Plaintiff is barred and limited by section 9.1 of Title 23 of the Oklahoma Statues.

8. Punitive damages are not available under 42 U.S.C. § 1983 against a private entity.

9. Any care and treatment provided to Plaintiff Morrison was provided in good faith and/or Defendant is entitled to qualified immunity.

10. Supervisory liability and/or respondeat superior is inapplicable.

11. Any damages allegedly suffered by the Plaintiff were caused by the voluntary assumption of the risk by Plaintiff.

12. Failure to join a party.

13.     Any damages allegedly suffered by the Plaintiff were caused by the acts of negligence of a person, or persons other than this Answering Defendant, over whom this Answering Defendant exercised no control or supervision.

14.     Any damages allegedly suffered by the Plaintiff were caused by intervening or supervening causes for which this Answering Defendant is not responsible.

15.     Any damages allegedly suffered by the Plaintiff were the result of unforeseeable or unavoidable complications due to the underlying conditions of Plaintiff, for which this Answering Defendant is not responsible.

16.     Any damages allegedly suffered by Plaintiff were caused by pre-existing or post-developing, unrelated medical conditions, disease, illness, or infection of Plaintiff for which this Answering Defendant is not responsible.

17.     Defendant generally and specifically adopts any and all affirmative defenses available under the United States Constitution, the Oklahoma Constitution, common law, and/or Statutory law.

18.     Statue of Limitations.

19.     Release.

20.     Waiver.

21.     Laches.

22.     Setoff.

23.     Contribution.

24.     All policies, practices and customs used by this Defendant with regard to the Plaintiff Petition are constitutional.

25.     This Answering Defendant did not breach any legal duty to the Plaintiff.

26. Defendant and its employees are immune from liability and/or are entitled to the limitations for tort claims under the Oklahoma Governmental Tort Claims Act.

27. Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

28. This Answering Defendant specifically reserves the right to amend this Answer and to raise additional affirmative defenses pending completion of discovery and submission of a Pretrial Order.

29. Defendant demands a jury trial.

30. Plaintiff's claims are barred in whole or in part by the Oklahoma Comparative Negligence statute.

31. Plaintiff's injuries and damages, if any, are the result of Plaintiff's own negligence or own conduct.

32. The injuries complained of in Plaintiff's Petition are the result of health care problems which developed prior or subsequent to the date of the alleged incident, which were neither caused nor aggravated by Defendant, for which Defendant is not liable.

33. Defendant breached no duty they had to Plaintiff.

34. Contributory negligence.

35. Condition versus cause.

36. Any claim by Plaintiff for punitive damages is barred and limited by 23 O.S. § 9.1.

37. For further answer or defense, Defendant states that Plaintiff's claims for punitive damages should be stricken on the following grounds:

   a. Consideration of any punitive damages in this civil action would violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the Oklahoma Constitution in that:

      i. Consideration of punitive damages in this action would allow standardless discretion to the jury to determine punishment,

    depriving Defendant of prior notice of the consequences of his alleged actions;

  ii. The admission of any evidence directly to the jury concerning Defendant's assets or net worth will create an undue risk of an improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages, and the measure of punitive damages;

  iii. Punitive damages by their very nature constitute punishment and are a quasi-criminal sanction for which the burden of proof should not be less than "beyond a reasonable doubt" – not merely "clear and convincing evidence" or a "preponderance of the evidence;"

 b. An award of punitive damages, if allowed, would violate the Excessive Fines Clause of the Eighth Amendment of the United States Constitution and the Oklahoma Constitution in that punitive damages would constitute an excessive fine upon Defendant.

 c. Punitive damages are punishment, a quasi-criminal sanction, for which Defendant is not afforded the specific procedural safeguards prescribed by the Fourth, Fifth and Sixth Amendments of the United States Constitution and the Oklahoma Constitution.

38. Defendant affirmatively asserts that Plaintiff's claims are barred, in whole or in part, because of any damages allegedly suffered were not proximately caused by Defendant's conduct.

39. Plaintiff's claims may be barred by the doctrine of waiver or estoppel.

40. Defendant claims all applicable defenses set forth in 12 O.S. Section 2009, 12 O.S. Section 2008(C), and 12 O.S. Section 2012.

WHEREFORE, premises considered, the Defendant, GS4 Secure Solutions (USA), Inc., a foreign corporation, prays Plaintiff take nothing by way of her Petition filed herein and this Honorable Court dismiss this action, or in the alternative, judgment be rendered in its favor, together with costs, reasonable attorney fees and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*[signature: Elise Brookover]*

Robert Todd Goolsby (OBA #12676)
Elise Horne Brookover (OBA #3306)
701 N. Broadway Ave., Suite 400
Oklahoma City, Oklahoma 73102-6006
Telephone: (405) 524-2400
Facsimile: (405) 525-6004
TGoolsby@gphglaw.com
EBrookover@gphglaw.com
***Attorneys for Defendant, G4S Secure Solutions (USA), Inc.***

## CERTIFICATE OF SERVICE

This is to certify that on the 10th day of June 2024, a true and correct copy of the above and foregoing was <u>emailed and mailed</u> with postage prepaid thereon to:

Brendan M. McHugh, OBA #18422
PO BOX 1392
Claremore, OK 74018
P: 918-608-0111
F: 918-803-4910

  *-and-*

Dana Jim, OBA #19495
PO BOX 1011
Vinita, OK 74301
T: 918-457-6626
F: 918-517-3431
*Attorneys for Plaintiff*

*[signature]*

R. Todd Goolsby/ Elise Horne Brookover